UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALLAN COLE

Plaintiff,

v.

BLACKWELL FULLER MUSIC PUBLISHING, LLC AND FIFTY- SIX HOPE ROAD MUSIC LTD.

Defendant.

16 CIV 1:16-cv-07014

**AMENDED COMPLAINT WITH JURY DEMAND ENDORSED HEREIN**

Plaintiff, Allan Cole (hereinafter referred to as "Cole") by his attorney Warren R. Hamilton, Esquire, alleges for his complaint against the defendant the following;

THE PARTIES

1. The Plaintiff Allan Cole is an individual residing at 14 Deanery Drive, Kingston 3 Jamaica

2. On information and belief Defendant Blackwell Fuller Music Publishing LLC (BFMP) a State of Delaware Limited Liability Company, is a music publishing company. The registered agent for BFMP is Corporation Services Company, 2711 Centerville Road, Suite 400, Wilmington, DE. Blue Mountain Music publishing, Ltd which was acquired by defendant BFMP has an office at 220 West 42nd Street, 11th Floor, New York 10036.

3. On information and belief Defendant Fifty-Six Hope Road Music Limited (FSHR) is an International Business Corporation organized in the Bahamas, with an address at Aquamarine House, Cable Beach, Nassau, BS.

JURISDICTION AND VENUE

4. This is an action for a declaratory judgment that the defendants have infringed the Copyright that is rightfully the plaintiff's, by causing the copyright to the compositions entitled "War" and Natty Dread" to be registered as a "work for hire" and thereby assigning authorship in the registered works to the "employer" Tuff Gong Music.

5. Plaintiff has never been an employee of Tuff Gong Music and there is no agreement between the parties that assigns Plaintiffs authorship of the named compositions to the defendants. At some point in time, relevant to this action, after the compositions were written Island Records, Inc acquired Tuff Gong Music and the publishing for the songs in question, which it assigned to its publishing designee, Blue Mountain Music Ltd. Blue Mountain Music Ltd was subsequently acquired by defendant BFMP. At another relevant point in time to this action defendant FSHR also acquired publishing interest in the compositions that are subject to this action.

6. This Court has jurisdiction over the subject matter of this action pursuant to the Federal Declaratory Judgment Act, Title 28, United States Code. §§ 2201 and 2202, and Title 15 United States Code § 1121.

5. Venue is proper in this Court pursuant to 28 United States Code §§ 1391 and 1400.

CLAIMS FOR DECLATORY RELIEF

7. Allan Cole and Carlton Barnett wrote the words and music to composition entitled "War" which was registered for copyright in 1976 and Allan Cole and Rita Marley wrote the words and music to the composition "Natty Dread" which was registered for copyright in 1974. These songs were recorded by and performed and made famous by performing artist Robert Nesta "Bob" Marley.

8. The Plaintiff as co- writer of the subject compositions was led to believe that the compositions were being copyrighted for him as an author by the publishing designee for Tuff Gong Records, Tuff Gong Music. The subject composition Natty Dread was registered for copyright in 1974 and the subject composition "War" was registered for copyright in 1976 before said songs were commercially released for sale in the "record format".

9. When the compositions were registered with the Copyright Office the agent for Tuff Gong Music represented to the Copyright Office that it had the documents required to support its representation that the compositions were "work for hire". This action to this date was never made known to Plaintiff by any of the defendants.

10. Plaintiff in May of 2016, believing he held copyright in the composition, entitled "War" decided to assign one half of his interest to the family of the Emperor Haile Selassie of Ethiopia.

11. Plaintiff retained legal counsel to help him to prepare a copyright assignment document. Legal counsel, after investigation, informed the plaintiff that he was not listed as the copyright owner or author on the Copyright Registration forms at the Library of Congress and because of that could not make the desired copyright assignment.

12. Plaintiff assured his legal counsel he was the co-author of the composition in

Question and presented to counsel a copy of sheet music that is being sold where he is acknowledged as the co-author to the composition "War" as well as "Natty Dread" a page of the sheet music for each of those compositions are attached as "Exhibits" A and "B" hereto.

13. Plaintiff assured his legal counsel that he was never employed by Tuff Gong Music, the claimant of authorship on the copyright registration forms. Plaintiff likewise asserts that he never signed a copyright assignment in favor of Tuff Gong Music to either of those compositions.

14. Plaintiff also assured present counsel that he no reason not to believe that he was the co-author of the compositions in questions

15. Plaintiff has made numerous inquiries as to the status of his copyright royalties and statements for the subject compositions to the representatives of both Blue Mountain Music, Ltd and its successor in interest defendant BFMP and Tuff Gong Music and their successors' in interest defendant FSHR as well as Christopher Blackwell, one of the owners of defendant BFMP.

16. The plaintiff served as road manager for Bob Marley from 1973 to 1980 during which time, he was always acknowledged as the co-author of the compositions in questions.

17. During times, relevant to this cause of action, plaintiff has on occasion seen sheet music of the subject compositions with his name printed on them as co-author of the subject compositions.

18. From time to time members of his family informed plaintiff that they saw articles on the internet where he was acknowledged as co-author of the compositions in question.

19. To this date, a search on the internet would reveal, credits on copies of sheet music, phono records and compact disc all list plaintiff as co-author of the subject compositions.

20. Plaintiff made numerous inquiries to various representatives of the defendant FSHR and defendant BSMP companies concerning royalty statements and payments for the subject compositions and on each occasion, was told that they would consider it without informing plaintiff that the subject compositions were registered as a "work for hire ".

21. In 2002, the plaintiff began getting statements from the performing right society, American Society of Composers Authors and Publishers (ASCAP) for the composition "Natty Dread" even though he had never joined the society.

22. There is email correspondence from July 2014 through September, 2015 between Individuals trying to help plaintiff resolve his "royalty" problem which is the subject of the instant action with Christopher Blackwell, owner of defendant BSMP. See Exhibit "C" -Email treads covering aforementioned dates.

23. In an email dated July 7, 2014 Mr. Blackwell emailed (that is attached as part of Exhibit "C") P. Williams of ASCAP "because Alan "Skill' Cole who was a very close friend of Bob Marley asked me to try and find out why he has received so little royalties from the five songs he is credited with writing.

24. On July 16, 2014 plaintiff was sent an email from Mr. Blackwell advising him of the answer he was given from ASCAP and suggested a course of action plaintiff should take.

25. In an email dated September 15, 2015 from Mr. Blackwell answering an email sent on behalf of the plaintiff suggested that the plaintiff contact the Marley family and work something out. Mr. Blackwell said at that time "he had done everything he could to sort things out without success".

26. Mr. Blackwell, the former owner of Blue Mountain Music Ltd and one of the owners of defendant BSMP, the publishing company that has had an ownership interest in the compositions in question at all time relevant to this action, had to know that plaintiff was not being treated as a co-author of the compositions because he was not paying mechanical royalties to any publishing company plaintiff was affiliated with nor does he suggest to plaintiff he should contact a publishing company.

27. Mr. Blackwell only discussed ASCAP with the plaintiff because he knew that was the only publishing royalty stream that the plaintiff was aware of and not the mechanical royalty stream, that plaintiff was not aware of, that are paid the authors of compositions by music publishing companies.

28. Mr. Blackwell had to know that plaintiff believed he was a writer of compositions in question and entitled to publishing royalties, not just performance royalties, but as late as September 2015 instead he indicated to plaintiff that there was something about the plaintiff's situation he did not understand.

29. Mr. Blackwell had to know that the plaintiff was not in the registered in Copyright Office as a copyright owner or co- author in the compositions in question because he never paid any publishing company that was associated with the plaintiff.

30. Mr. Blackwell, as well as, defendant BFMP and defendant FSHR, when they acquired their respective publishing interest in the compositions had to become aware that the Copyright Office did not have the supporting documents that are required to register a composition as a "work for hire".

31. Mr. Blackwell actions by failing to answer plaintiff's questions truthfully, in fact, contributed to concealing the fraud that was perpetrated against the Copyright Office when the original copyright registration was filed.

32. On information and belief, plaintiff wrote a "cease and desist" letter on or about

November 22, 2016 to the defendant BFMP through Blue Mountain Music Ltd, a company that defendant BFMP acquired, that was a copyright claimant to the subject compositions. A copy of that letter ids attached as Exhibit "D" hereto.

32 On information and belief, plaintiff wrote a "cease and desist" letter on or about February 9, 2017 to the defendant FSHR through Tuff Gong Music, a company that defendant FSHR acquired, that was a copyright claimant to the subject compositions. A copy of that letter ids attached as Exhibit "E" hereto.

33. Legal counsel for the defendant BFMP acknowledged receipt of the letter attached as Exhibit "F" and asked for time to investigate claims that were made in the letter.

34. Legal counsel has not received a response from defendant FSHR.

Defendants failure to address the serious allegations made by plaintiff which indicates that defendant has through his predecessor in interest wrongfully and fraudulently appropriated Plaintiffs authorship of the copyrights in question, has created an actual, substantial and judicable controversy between plaintiff and defendants concerning plaintiff's compensation for his authorship and the right of defendant to continue to sell and publish "War" and "Natty Dread".

WHEREFORE, Plaintiff demands that this Court enter a judgment;

(a) holding that the defendants has infringed the copyrights of the plaintiff, the authors of the composition by fraudulently substituting others as the authors;

(b) defendants, successors in interest to the copyright are liable for the transgressions of its predecessors;

(c) direct that the Registrar at the Library of Congress issue a new registration form listing the true authors of the compositions in question;

(d) demand that the defendants provide plaintiff an accounting and payment for all income earned and not received by plaintiff as a result of this fraudulent transaction;

(e) awarding plaintiff the cost of this action, together with reasonable attorney's fees;

(f) granting such other relief, whether legal or equitable, to which the plaintiff is entitled.

JURY DEMAND

Plaintiff hereby demands trial by jury of all issues.

Warren R. Hamilton
328 Fitzwater Street
Philadelphia, PA 19147
(267) 235-9481
warrenrhamilton@outlook.com
Attorney for Plaintiff